UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOVANI MOLINARI, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 20-cv-11922-ADB |
| | * |
| RYAN FRINK, et al., | * |
| | * |
| Defendants. | * |
| | * |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

*Pro se* plaintiff Jovani Molinari, who was incarcerated at the Souza-Baranowski Correctional Center ("SBCC") at the relevant time,[1] has filed an action under 42 U.S.C. § 1983 ("§ 1983") for alleged violations of his rights under the Eighth and Fourteenth amendments to the United States Constitution. Molinari has also filed motions for leave to proceed *in forma pauperis* and the appointment of counsel. Upon review of the complaint and motions, the Court will grant the motion for leave to proceed *in forma* pauperis, order that summonses issue for the correction officers, and deny without prejudice the motion for the appointment of counsel.

I.      **Motion for Leave to Proceed** *in Forma Pauperis*

Upon review of Molinari's motion for leave to proceed *in forma pauperis* and prison account statement, the Court finds that Molinari is without funds to prepay the filing fee. Accordingly, the motion is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $37.66. The remainder of the $350 filing fee, $312.34, shall be paid over time in accordance with 28 U.S.C. § 1915(b)(2).

---

[1] At the time he commenced this action, Molinari was incarcerated at MCI Concord.

## II.     Review of the Complaint

### A.     Court's Authority to Conduct a Preliminary Review of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2).  Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or its employees are subject to a preliminary screening.  Both statutes authorize federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B.     Factual Allegations and Legal Claims

Molinari's complaint is in two counts.  In the first count, Molinari alleges that Officer Ryan Frink and six other correction officers used excessive force against him on January 12, 2020, when they allegedly "ran into his cell and began to viciously assault plaintiff physically, and with chemical agents."  Compl. at 3.[2]  Molinari further claims that Superintendent Kenneway "did not remedy this issue and is thus also responsible for his employees [sic] action as supervisor."  *Id.*

---

[2] In the body of the complaint, Molinari alleges that Frink and "numerous other officers" used excessive force against him.  Compl. at 3.  In a "Motion To Add Defendants," docketed on the same day as and with the complaint, Molinari states that he discovered the identities of the "numerous other officers" and asks that their names be added to the complaint.  Compl. at 5.  The Court treats the "Motion to Amend" as part of the original pleading rather than a motion to amend under Rule 15(a) of the Federal Rules of Civil Procedure, and the six defendants identified in the "Motion to Amend" are listed as defendants on the docket this action.

In the second count, Molinari claims that Officer Frink issued a false disciplinary report against him concerning the events of January 12, 2020.  According to Molinari, in this report Officer Frink "alleges that plaintiff began assaulting unnamed staff members after being given orders to be placed in restraints."  *Id.*  Molinari claims that the report violates his "rights to due process because there are no names given where or rather on whom these assaults took place."  *Id.*  He represents that he cannot "defend any charges listing unnamed staff members, as plaintiff has the right to cross examine his accusers."  *Id.*

Molinari is suing the officers and SBCC Superintendent Steven Kenneway in their official and individual capacities.  He seeks damages and a declaration that the defendants violated his federal rights.

    **C.**    **Discussion**

        **1.**    **Count One**

Section 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  "[O]nly those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable [in a § 1983 action]."  *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005).  In other words, a commissioner, superintendent, or other supervisory employer cannot be held liable under § 1983 based solely on the misconduct of a subordinate; the supervisor must have had some form of direct involvement in the alleged misconduct.  *See id.*; *see also Feliciano-Hernandez v. Pereira-Castillo*, 663 F.3d 527, 536 (1st Cir. 2011) ("[N]ot every official who is aware of a problem exhibits deliberate indifference by failing to resolve it." (internal quotation

marks omitted)); *Bonner v. Outlaw*, 552 F.3d 673, 679 (8th Cir. 2009) ("[A] warden's general responsibility for supervising a prison is insufficient to establish personal liability."). A supervisor's direct involvement includes "personally participating in the constitutional violation, direct[ing] their subordinates to act unlawfully, or know[ing] their subordinates will act unlawfully but fail to stop them." *Bowens v. Superintendent of Miami S. Beach Police Dep't*, 557 Fed. App'x 857, 861 (11th Cir. 2014).[3]

Here, Molinari has alleged facts from which the Court may reasonably infer that the seven correction officers directly participated in the use of excessive force against Molinari on January 12, 2020. The same cannot be said for Molinari's sole allegation concerning Superintendent Kenneway. It appears that Molinari seeks to hold Superintendent Kenneway liable because he is the supervisor of the correction officer defendants and because he failed to discipline them after their use of excessive force against Molinari. Neither his supervisory role nor his failure to discipline the officers after the fact rise to the level of direct participation in the use of excessive force. Thus, Molinari has failed to state a viable claim for relief against Superintendent Kenneway.

### 2. Count Two

Molinari claims that the disciplinary report was false and did not provide sufficient information for him to defend the charges against him. These allegations, standing alone, do not implicate due process concerns.

---

[3] *See also, e.g.*, *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998) ("If the warden were aware of 'a systematic lapse in enforcement' of a policy critical to ensuring inmate safety, his 'failure to enforce the policy' could violate the Eighth Amendment." (quoting *Goka v. Bobbitt*, 862 F.2d 646, 652 (7th Cir. 1988))).

The Due Process Clause of the Fourteenth Amendment "protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "In general, a 'prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.'" *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (quoting *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir.1986)). An exception to this rule is when an inmate is able to show "that he was disciplined without adequate due process as a result of the report. *Id.* (internal quotation marks omitted).[4]

In the absence of any information about the disciplinary proceeding itself or its outcome, the Court cannot reasonably infer that the allegedly false and incomplete disciplinary report deprived him of a liberty interest. It is possible that Molinari was not found guilty of any of the charges. If so, the report did not infringe on a liberty interest. Moreover, even if he was found guilty on one or more of the charges, he only had a liberty interest in avoiding any punishment that "impose[d] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see id.* at 485-86 (holding that no liberty interest was implicated by the placement of inmate in segregation for 30 days, so no process was due to him prior to placement in segregation).

---

[4] Another exception to this rule is when "report was issued in retaliation for exercising a constitutionally protected right." *Willey*, 801 F.3d at 63. (internal quotation marks omitted). This exception does not apply to Molinari's complaint. Although Molinari alleges that the prison officer assaulted him "in retaliation for officers being assaulted prior to that date," Compl. at 3, he does not allege facts that would support a claim that Officer Frink filed a false disciplinary report in retaliation for Molinari's exercise of a constitutionally protected right.

Because Molinari has not alleged facts from which the Court could reasonably conclude that the false and incomplete disciplinary report led to punishment that imposed atypical and significant hardship, his due process claim fails.

### 3. Official Capacity Claims

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In contrast, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* (quoting *Monell v. New York City Dep't of Socia Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166.

The Supreme Court has ruled that neither a state nor state officials acting in their official capacities are "persons" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, an official capacity claim cannot be brought under § 1983. *See Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991) ("It is settled beyond peradventure, however, that neither a state agency nor a state official acting in his official capacity may be sued for damages in a § 1983 action.").

The Court will therefore dismiss Molinari's official capacity claims. He may still pursue damages against the defendants in their individual capacities.

### III. Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The Court is not required to appoint counsel unless the litigant is indigent and exceptional

circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.* To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *See id.* at 24.

At this early juncture of the case, the Court cannot evaluate whether the appointment of counsel is required. The Court will therefore deny the motion for counsel without prejudice to filing a renewed motion for counsel when the defendants have been served with and responded to the complaint.

**IV.   Conclusion**

In accordance with the foregoing, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $37.66. The remainder of the $350 filing fee, $312.34, shall be paid over time in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this order to the institution having custody of the plaintiff.

2. The claim against defendant Superintendent Kenneway is DISMISSED without prejudice and defendant Superintendent Kenneway shall be terminated as a party to this action. Count Two of the complaint is DISMISSED without prejudice. If Molinari believes he can cure the defects in these two claims, he may amend the complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure.

3. All official capacity claims are DISMISSED.

4. The Clerk shall issue summonses for all defendants except Superintendent Kenneway. Molinari is responsible for ensuring that the summonses, the complaint, and this

order are served on the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

      5.      Because Molinari is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS").  If Molinari chooses to have service completed by the USMS, he shall provide the agency with a copy of this order and all documents for service.   The USMS shall then complete service with all costs to be advanced by the United States.

      6.      Molinari must ensure that service is completed within 90 days from the date of the issuance of the summonses.  Failure to complete service in a timely fashion may result in dismissal of the action without further notice to the plaintiff.  *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

      7.      The motion for appointment of counsel is DENIED without prejudice.

      IT IS SO ORDERED.

 3/3/2021                                          /s/ Allison D. Burroughs
DATE                                               UNITED STATES DISTRICT JUDGE